IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MABIOR JOK,<br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF BURLINGTON, VERMONT<br><br>BRANDON DEL POZO,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS CHIEF<br>OF POLICE FOR THE CITY OF<br>BURLINGTON, VERMONT<br><br>JASON BELLAVANCE,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS A POLICE<br>OFFICER FOR THE CITY OF<br>BURLINGTON, VERMONT<br><br>JOSEPH CORROW<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS A POLICE<br>OFFICER FOR THE CITY OF<br>BURLINGTON, VERMONT,<br>　　　　Defendants. | Civil Action No. 2:19–CV–70 |

## ANSWER

NOW COME the Defendants, The City of Burlington, Vermont ("City"), Police Chief Brandon del Pozo ("del Pozo"), Police Officer Jason Bellavance ("Bellavance"), and Police Officer Joseph Corrow ("Corrow") and hereby answers Plaintiff Mabior Jok's Complaint in the above-captioned matter as follows.

### I. Jurisdiction

1. Admitted in part and denied in part. Admitted that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 2201. Denied that this Court has jurisdiction

pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  In addition, Denied to the extent Plaintiff is attempting to create new causes of action, in violation of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

## II. Parties

2. Admitted.

3. Admitted except to the extent this allegation suggests that the City of Burlington may be held responsible under a theory of *respondeat superior* or that the City of Burlington violated *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

4. Admitted except to the extent this allegation suggests that Defendant Bellavance may be held responsible under a theory of *respondeat superior* or that he failed to adequately train his officers.

5. Admitted except to the extent this allegation suggests that Defendant Corrow violated any clearly established law.

6. Admitted except to the extent this allegation suggests that Defendant Del Pozo may be held responsible under a theory of *respondeant superior* or that he failed to adequately train his officers.

## III.  Nature of Action

7. Denied.

## IV.  Plaintiff's First Cause of Action

8. Admitted, except to the extent the allegation attempts to downplay Plaintiff's actions on September 8, 2018.

9. Admitted that Defendant Corrow was responding to what he believed to be a life-threatening situation. Denied to the extent the allegation suggests that Defendant Corrow violated any clearly established law.

10. Admitted that part of the arrest was captured on audio and video of Defendant Corrow's body camera. Denied that the entire arrest was captured and denied that the video and audio accurately reflect what Defendant Corrow was perceiving.

11. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.

12. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.

13. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.

14. Admitted, except to the extent this allegation suggests either Defendant Bellavance or Corrow violated clearly established law.

15. Admitted.

16. Admitted except to the extent this allegation suggests that Defendant Corrow did not in fact see Plaintiff punch another individual.

17. Denied.

18. Admitted.

19. Admitted except to the extent this allegation suggests that Plaintiff was not in fact "fine."

20. Admitted except to the extent this allegation suggests that Defendant Corrow or Bellavance violated clearly established law.

21. Admitted except to the extent that this allegation suggests Defendant Corrow violated any clearly established law.

22. Admitted except to the extent that this allegation overstates Plaintiff's injuries and suggests that Defendant Corrow violated clearly established law.

23. Admitted that the body camera footage and audio intermittently cut out. Denied that Defendant Corrow was intentionally switching the audio and video on and off.

24. Admitted that part of the arrest was captured on audio and video of Defendant Bellavance's body camera. Denied that the entire arrest was captured and denied that the video and audio accurately reflect what Defendant Bellavance and/or Corrow were perceiving.

25. Admitted except to the extent that this allegation suggests that Defendant Bellavance violated clearly established law.

26. Admitted that Defendant Bellavance secured the scene for everyone's safety. Denied that Bellavance told a bystander to "get the fuck out of my way," and to extent this allegation suggests that Defendant Bellavance violated clearly established law.

27. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.

28. Admitted Defendant Bellavance spoke to a Barnah "Alex" Komeyan. Denied to the extent that the allegation suggests that Komeyan was accurately reporting what he saw and to the extent the allegation suggests that any of named Defendants violated clearly established law.

29. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.

30. Defendant lacks sufficient knowledge and belief as to whether Defendant Bellavance "approached a man in a Boston red Sox hat." Admitted that Barnah "Alex" Komeyan informed Bellavance that Plaintiff needed medical attention. Denied to the extent that this allegation suggests Mr. Komeyan was accurately reporting that Plaintiff required medical attention or that Mr. Komeyan possessed the required medical knowledge to

make such a diagnosis.  Further denied to the extent the allegation suggests that any of the named Defendants violated clearly established law.

31. Admitted that Defendant Bellavance approached a Matthew Vinci.  Defendant lacks sufficient knowledge and belief about whether Mr. Vinci in fact observed the arrest.  Denied that Mr. Vinci was accurately reporting what he saw.  Denied to the extent this allegation suggests that Defendant Bellavance violated any clearly established law.

32. Admitted.

33. Admitted except to the extent this allegation suggests that any of the named Defendants lacked probable cause to charge Plaintiff with one count of resisting arrest and to the extent this allegation suggests that any of the named Defendants violated any clearly established law.

34. Admitted except to the extent that his allegation suggests that any of the named Defendants lacked probable cause to charge Plaintiff with disorderly conduct and to the extent this allegation suggests that any of the named Defendants violated any clearly established law.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

### V. Plaintiff's Second Cause of Action

47. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

48. Denied.

49. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VI. Plaintiff's Third Cause of Action

50. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

51. Denied.

52. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VII. Plaintiff's Fourth Case of Action

53. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

54. Denied.

55. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims.  Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VIII.  Plaintiff's Fifth Cause of Action

56. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

57. Denied.

58. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims.  Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### IX. Plaintiff's Sixth Cause of Action

59. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

60. Denied.

61. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims.  Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### AFFIRMATIVE DEFENSES

1. Waiver.

2.     Estoppel.

3.     Failure to State a Claim upon which relief may be granted.

4.     Sovereign immunity;

5.     Qualified immunity;

6.     Official immunity;

7.     Privilege;

8.     Failure to adequately allege a violation of a clearly established right.

9.     Failure to show sufficient evidence of the existence of a reasonable likelihood of success on the merits to warrant declaratory and injunctive relief.

10.     That some or all of the acts or omissions complained of by Plaintiff did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding that deprived Plaintiff of any civil rights.

11.     Indemnification.

12.     Failure to exhaust administrative remedies.

13.     Unavailability of punitive damages.

14.     Failure to mitigate.

15.     Superseding intervening cause.

16.     Defendant reserves the right to add additional affirmative defenses.

## **JURY DEMAND**

Defendants City of Burlington, Police Chief Brandon del Pozo, Police Officer Jason Bellavance, and Police Officer Joseph Corrow demands trial by jury.

DATED at Burlington, Vermont, this 8th day of July, 2019.

                CITY OF BURLINGTON, POLICE CHIEF
                BRANDON DEL POZO, POLICE
                OFFICER JASON BELLAVANCE, AND
                POLICE OFFICER JOSEPH CORROW

By:  */s/ Pietro J. Lynn*
       Pietro J. Lynn, Esq.
       Sean M. Toohey, Esq.
       Lynn, Lynn, Blackman & Manitsky, P.C.
       *Counsel for Defendants*
       76 St. Paul St., Suite 400
       Burlington, VT  05401
       (802) 860-1500
       plynn@lynnlawvt.com