**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

MABIOR JOK, )
Plaintiff, )
v. ) Civil Action No. 2:19–CV–70
CITY OF BURLINGTON, VERMONT, *et al.*, )
Defendants. )

**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION AND FOR A PROTECTIVE ORDER**

Defendants, City of Burlington, Vermont, Brandon del Pozo, Jason Bellavance, Joseph Corrow, and Janine Wright, through their attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., pursuant to Federal Rule of Civil Procedure 26(c)(1), respectfully submit this Motion to Quash Plaintiff's Third Set of Requests for Admission and for a Protective Order. Plaintiff served Defendants with Plaintiff's Third Requests for Admission ("Requests") more than eighteen months after the deadline for requests for admission expired. Given the untimeliness of Plaintiff's Requests, Defendants request the Court quash Plaintiff's Requests and enter a protective order prohibiting Plaintiff from serving additional requests for admission.

## I. Factual Background

The deadline to serve Requests for Admission in this matter expired on December 1, 2020. *See* Ex. A, Dkt. No. 148 at ¶ 11. The Parties initially proposed, and the Court ordered, a January 15, 2020 deadline for Requests for Admission. *See* Ex. B, Dkt. No. 14. That deadline was subsequently amended to December 1, 2020. *See* Dkt. No. 148 at ¶ 11. On March 16, 2021, the Parties submitted a Second Amended Discovery Schedule/Order. *See* Ex. C, Dkt. No. 191. Since the deadline for requests for admission had expired more than three months prior, the

Parties did not include a deadline for requests for admission in the Second Amended Discovery Schedule/Order. *See id.* The operative deadline for requests for admission remained December 1, 2020. *See id.*; *see also* Dkt. No. 148 at ¶ 11.

Plaintiff's requests were served on June 3, 2022, more than eighteen months after the December 1, 2020 deadline. *See* Ex. D, Plaintiff's Requests. Defendants' counsel has conferred with Plaintiff's counsel, who has refused to withdraw Plaintiff's Requests and refused to not serve additional requests for admission. *See* Ex. E, Boyle Aff. at ¶¶ 1-5.

## II. <u>Legal Argument</u>

A court has broad discretion to control discovery. *See*, *e.g.*, *Daval Steel Prod. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) ("We decline to hobble the necessary discretion of district courts to control discovery . . . ."). As part of its discretion, a court can quash untimely requests for admission. *See*, *e.g.*, *Forest v. Barnes Jewish Hosp.*, No. 4:07CV258-DJS, 2008 WL 957693, at *1 (E.D. Mo. Apr. 7, 2008) (quashing requests for admission served less than one month after deadline). Additionally, Federal Rule of Civil Procedure 26 gives a court the power to "issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

Here, Plaintiff served its Requests more than eighteen months after the December 1, 2020 deadline to serve requests for admission. *See* Ex. A at ¶ 11. Nothing prevented Plaintiff from timely serving his Requests. Given Plaintiff's delay of more than a year and a half in serving his Requests, quashing Plaintiff's Requests is well within the Court's discretion. *See Forrest*, 2008 WL 957693, at *1. While Plaintiff is nearly certain to argue trial is far enough away to allow Defendants to respond to Plaintiff's Requests, Defendants should not have to bear a burden – in responding to a third set of requests for admission well after the time to do so has passed – to

remedy Plaintiff's untimeliness. Accordingly, Defendants respectfully submit the Court should quash Plaintiff's Requests.

Further, to protect Defendants from the undue burden and expense of having to respond to Plaintiff's Requests or additional untimely discovery requests, Defendants respectfully request the Court enter a protective order prohibiting Plaintiff from serving additional requests for admission. As Plaintiff has demonstrated a willingness to serve requests for admission well beyond the Court's deadline for such requests, Defendants submit good cause for a protective order exists. Accordingly, Defendants respectfully request the Court enter an Order prohibiting Plaintiff from serving any additional requests for admission.

## III. Conclusion

The Parties proposed, and the Court ordered, all requests for admission to be served by December 1, 2020. Plaintiff has served a third set of requests for admission more than eighteen months after that deadline. Given the untimeliness of Plaintiff's Requests, the Court should quash Plaintiff's Requests. Additionally, so Defendants are not forced to bear additional undue burden and expense in addressing other untimely discovery requests, Defendants submit the Court should enter a protective order prohibiting Plaintiff from serving additional requests for admission.

Wherefore, Defendants respectfully request the Court:

1. Enter an Order quashing Plaintiff's Third Set of Requests to admit; and
2. Enter an Order prohibiting Plaintiff from serving any additional requests for admission in this matter.

Dated at Burlington, Vermont this 22nd day of June 2022.

CITY OF BURLINGTON, VERMONT
BRANDON DEL POZO, JASON
BELLAVANCE, AND JOSEPH CORROW

By: *<u>/s/ Pietro J. Lynn</u>*

Pietro J. Lynn, Esq.
Barbara R. Blackman, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
*Counsel for Defendants*
76 St. Paul St., Suite 400
Burlington, VT 05401
(802) 860-1500
plynn@lynnlawvt.com
bblackman@lynnlawvt.com