IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MABIOR JOK,<br>      Plaintiff,<br><br>v.<br><br>CITY OF BURLINGTON, VERMONT<br><br>BRANDON DEL POZO,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS CHIEF<br>OF POLICE FOR THE CITY OF<br>BURLINGTON, VERMONT<br><br>JOSEPH CORROW,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS A POLICE<br>OFFICER FOR THE CITY OF<br>BURLINGTON, VERMONT,<br>      Defendants. | Civil Action No. 2:19–CV–70 |

## **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXPERT WITNESS JULIE SOLOMON, LSCSW, AND CNA REPORT**

NOW COME the Defendants, The City of Burlington, Vermont ("the City" or "Burlington"), former Police Chief Brandon del Pozo ("del Pozo"), and Police Officer Joseph Corrow ("Corrow"), and hereby move *in limine* for an order excluding the testimony of expert Julie Solomon and the CNA Report titled "Final Report: A Functional and Operational Assessment of the Burlington Police Department." Defendants file this motion in advance of trial.

In support of this request, Defendants submit the following Memorandum of Law.

### **Memorandum of Law**

### Introduction

CNA is an independent, nonprofit research and analysis organization. The City of Burlington, following police encounters including the Jok incident, prioritized key areas of police

reform and utilized resources such as CNA to further that effort. In September, 2021, CNA furnished a report titled "Final Report: A Functional and Operational Assessment of the Burlington Police Department" (Ex. 1, the "CNA report"). On October 22, 2021, Plaintiff disclosed the report to Defendants in Plaintiff's 21st Supplemental Disclosures. Plaintiff additionally disclosed one of the members of the "Assessment Team" of the report, Julie Solomon, LSCSW, as an expert witness.

The deadline for disclosure of Plaintiff's Expert Witness Reports expired on April 1, 2020 per the September 30, 2020 *First Amended Stipulated Discovery Schedule/Order*. Plaintiff's Expert Disclosures of Experts Witnesses without Written Reports were submitted on April 23, 2020, and do not include Julie Solomon or her report. Specifically, Plaintiff provided that Ms. Solomon will be expected to testify regarding:

> Information about the cultural attitudes of the Officers of the Burlington Police Department and their leadership on subjects of race and racial characteristics and their subjective interpretation by the same as well as conclusions that can be drawn from a statistical analysis of data involving the Burlington Police Department. See bates stamp 3170 through 3341.

The bates stamped documents cited by Plaintiff include only the Report at issue, and no other expert report authored by Ms. Solomon.

**Standard**

A party may bring a motion in limine "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Ne. Farm Sales & Serv., Inc. v. Krone NA, Inc.*, No. 5:17-CV-72, 2019 WL 13251287, at *6 (D. Vt. Mar. 27, 2019) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)) *see also Ellerton v. Ellerton*, 745 F. Supp. 2d 458, 460 (D. Vt. 2010) ("A motion in limine generally seeks a pre-trial ruling regarding the inclusion or exclusion of evidence based upon its admissibility."). The purpose of a motion in limine is to

"aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of the trial." *Ellerton*, 745 F. Supp. 2d at 460 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "A district court will 'exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds.'" *United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011) (quoting *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006)). "Courts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate context." *Gogol v. City of New York*, No. 15-CV-05703, 2018 WL 4616047, at *1 (S.D.N.Y. Sept. 26, 2018) (citing *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F.Supp. 276, 283 (S.D.N.Y. 1996)). A court's ruling on a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41, 105 S.Ct. 460.

F.R.E. 401 provides the test for relevant evidence, namely that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action more probable or less probable than it would be without the evidence." *See* F.R.E. 401.  F.R.E. 402 provides that "[i]rrelevant evidence is not admissible." "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* F.R.E. 403.

Under F.R.E. 407, evidence of subsequent remedial measures is inadmissible to establish negligence or other culpable conduct. *See Fish v. Georgia-pacific Corp.*, 779 F.2d 836, 839–40 (2d Cir.1985); *Cann v. Ford Motor Co.*, 658 F.2d 54, 59 (2d Cir.1981). The commentary to F.R.E.

3

407 provides that "courts have applied this principle to exclude evidence of subsequent repairs, installation of safety devices, changes in company rules, and discharge of employees ...." F.R.E. 407 advisory committee notes. The District of Vermont recently applied this theory to the admissibility of subsequent police department policy changes in *Connelly v. City of St. Albans*:

> The City and Chief Taylor argue subsequent remedial measures may not be used to establish their liability under Fed. R. Evid. 407. *See Luera v. Snyder*, 599 F. Supp. 1459, 1463 (D. Colo. 1984) (concluding that "proposed testimony of changes made in police department policies after the incident is not admissible because of the public policy of encouraging subsequent remedial measures[ ]"). The court agrees.

*See Connelly v. City of St. Albans*, No. 2:21-CV-00291, 2024 WL 1976658, at *2 (D. Vt. May 3, 2024) (slip opinion).

F.R.C.P. 26(a)(2)(D) provides: "A party must make [expert] disclosures at the time and in the sequence that the court orders."  Where a party fails to make an expert disclosure according to the schedule set by the Court, the court may preclude that expert from testifying.  *See Softel, Inc. v. Dragon Med. & Sci. Commc'ns., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).  In determining whether to exclude a late-disclosed expert, the Second Circuit Court of Appeals has instructed District Courts to consider: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id*. (citing *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir. 1988)). The weighing of these factors is left to the sound discretion of the District Court.  *See, e.g., Knox v. United States*, 2016 WL 1257802, at *2 (D. Conn. Mar. 30, 2016) ("This Court has the authority to manage its docket by, among other things, setting and enforcing deadlines.").

F.R.C.P. 26(a)(2)(B) requires that an expert report contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data

4

considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them." F.R.C.P. 37(c)(1) provides that a party who fails to provide the information required by Rule 26(a) is not permitted "to use that information . . . to supply evidence on a motion, at a hearing, or at trail, unless the failure was substantially justified or is harmless." "The Advisory Notes to Rule 26 make clear that subsection (a)(2)(B), added as part of the 1993 amendments to the Federal Rules, requires that an expert prepare a detailed and complete written report, stating the testimony the witness is expected to present during the direct examination, together with the reasons therefore." *Jinhong Song v. Yao Bros. Grp. LP,* No. 10–CV–04157, 2012 WL 1557372, at *1 (S.D.N.Y. May 2, 2012) (internal quotation marks and citation omitted); *see also Salgado by Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 n. 6 (7th Cir.1998) ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."); *Koppell v. New York State Bd. of Elections,* 97 F.Supp.2d 477, 481 (S.D.N.Y.2000) (excluding expert report because defendants "failed to provide sufficiently detailed information regarding the bases of [the expert's] opinion.'"). A court's decision to preclude expert testimony under Rule 37 is reviewed for an abuse of discretion. *Robinson v. Suffolk Cnty. Police Dep't*, 544 Fed. App'x 29, 32 (2d Cir. Nov. 3, 2013).

## Argument

### I. The Court Should Exclude the Expert Testimony of Julie Solomon, LSCSW, MBA, and the Report Furnished by CNA, Because it is a Subsequent Remedial Measure Under F.R.E. 407.

The purpose of a motion *in limine* is to exclude anticipated evidence that is inadmissible. Defendants anticipate that Plaintiff intends to argue or offer evidence of the CNA report and testimony by Julie Solomon to draw a link between the findings made by the CNA report in September, 2021, and the subject incident that occurred on September 8, 2018. Under F.R.E. 407,

5

evidence of subsequent remedial measures is inadmissible to establish negligence or other culpable conduct. *See* F.R.E. 407. In *Connelly v. City of St. Albans*, the Court held that a policy change to the St. Albans, Vermont, Police Department's ("SAPD") Response to Resistance Policy which occurred following an incident involving the Plaintiff in that case was inadmissible under F.R.E. 407. The *Connelly* court cited the holding of *Luera v. Snyder*, 599 F. Supp. 1459, 1463 (D. Colo. 1984) (concluding that "proposed testimony of changes made in police department policies after the incident is not admissible because of the public policy of encouraging subsequent remedial measures[ ]").

Here, the CNA report, issued in September, 2021, and titled "Final Report: A Functional and Operational Assessment of the Burlington Police Department," is an assessment and summary of recommendations regarding Burlington Police Department policies. (Ex. 1, pg. 4). Of particular import, the Executive Summary of the CNA report begins with "[t]he City of Burlington and the wider community have prioritized key areas of police reform." (*Id.*) The incident involving Plaintiff Jok and other incidents on or around that time period, in conjunction with public protests regarding the incidents, necessarily lead to the City's assessment of use of force incidents and policy changes. The CNA report was prepared in furtherance of those efforts. (*Id.*)

The purpose of F.R.E. 407 is to encourage subsequent remedial measures without the fear that those measures will be tied to an admission of guilt or culpability. *See Luera v. Snyder,* 1463. The admission of the CNA report would contravene the purposes of F.R.E. 407 and have the chilling effect of discouraging municipalities from taking proactive measures to prevent future incidents. The public policy considerations encouraging subsequent remedial measures is especially relevant to law enforcement agencies, who engage with the public at large far more than a typical party to a case. Police departments such as the Burlington Police Department should be

encouraged to make policy changes where necessary without fear that such a change will be used against it in a court of law. Thus, the CNA report and Julie Solomon should be excluded from evidence, as including the report and Ms. Solomon's testimony would run afoul of F.R.E. 407.

### II. The Court Should Exclude the Expert Testimony of Julie Solomon, LSCSW, MBA, and the Report furnished by CNA Because Plaintiff Disclosed Ms. Solomon as an Expert Witness Beyond the Discovery Deadline

Plaintiff has failed to provide an explanation for why he did not previously include Julie Solomon as an expert until approximately eighteen (18) months after the deadline to do so. Plaintiff may very well have had a strategic or financial reason for not including such an expert, but Plaintiff cannot use Ms. Solomon as a means to backfill an expert disclosure deadline. On this point *Goulding v. City of New York*, No. 15–CV–03498, 2016 WL 6553759 (S.D.N.Y. Nov. 4, 2016) is instructive.

*Goulding* involved a fee request by the plaintiff after the defendant attempted to disclose an officer to testify about the "purposes of [breathalyzer] tests, the functions of the instruments and the meaning of the readings they gave," in a lawsuit brought against the City of New York. *Id*. at *2. The officer was purportedly being disclosed as a "fact" witness under F.R.E. 701(a), in part because the defendant had failed to disclose the officer as an expert witness pursuant to F.R.C.P. 26 and had not disclosed any expert witness related to the purpose and effect of a breathalyzer test. *Id*. This was a critical oversight by the defendant because the case turned on "the validity of two inconsistent NYPD breathalyzer tests taken within a few hours," and would have "always required an expert witness to opine on the complex technology of how a breathalyzer test works." *Id*. In fact, the Court had alerted the defendant to the need for an expert witness related to the breathalyzer test, but "[f]or whatever economic or strategic reason," the defendant chose not to retain such an expert. *Id*. Contrary to the defendant's representations, the Court

7

recognized that the undisclosed officer was not being used as a lay witness given that the defendant was using the officer to opine about the functions of a breathalyzer test. *Id*. Accordingly, the *Goulding* Court concluded that the "attempt to introduce critical testimony about the breathalyzer tests through a late-disclosed fact witness was improper," and ultimately award the plaintiff fees because the dispute around the officer's disclose was vexatious and delayed resolution of the case. *Id*.

Here, Plaintiff is attempting to do what was found improper by the *Goulding* court. Plaintiff has indicated that he intends to call Ms. Solomon as a witness and elicit expert testimony related to the Final Report issued by CNA. Plaintiff cannot be allowed to elicit expert testimony from Ms. Solomon. First, this would be doing exactly what was found improper in *Goulding*, e.g., an attempt to introduce critical evidence through a late-disclosed fact witness. Second, Ms. Solomon cannot testify as an expert witness related to report precisely because she did not alone author it. The report was furnished by CNA and Ms. Solomon is the project director of the twelve (12) member "Assessment Team." (Ex. 1, pg. 2). Thus, the report was authored by a group of consultants who are not also named as expert witnesses.

Accordingly, the Court must, respectfully, exclude Ms. Solomon as an expert witness to the extent Plaintiff attempts to elicit expert testimony related to what the underlying data for the report does and does not purport to show. *See Muflahi v. Erie Ins. Co.*, No. 14–CV–128S, 2016 WL 1713061, at *2 (W.D.N.Y. Apr. 29, 2016) (excluding late-disclosed expert witnesses, but allowing these witnesses as fact witnesses provided their "opinions [are] rationally based on their perceptions and not based on scientific, technical, or specialized knowledge"); *Valanzuolo v. City of New Haven*, No. 11–CV–1336, 2013 WL 1688874, at *1 (D. Conn. Apr. 18, 2013) (precluding witness who was present at time of altercation from testifying about whether city employees

"discriminated against, or treated poorly" the plaintiff, reasoning that witness could testify as lay witness about observations, but could not provide an expert opinion about whether discrimination had occurred); *Giles v. Rhodes*, 2000 WL 1425046, at *7 (S.D.N.Y. Sept. 27, 2000) (in excessive force, precluding testimony of Deputy Superintendent of prison, holding that because superintendent was not disclosed as an expert witness, preclusion was warranted under F.R.C.P. 26, and further, even if superintendent was fact witness, testimony would be irrelevant because his testimony about the proper use of force would not resolve central issue in case, which was whether plaintiff was proactively taken to the ground or was savagely beaten); *see also Momeni-Kuric v. Metro. Prop. & Cas. Ins. Co.*, No. 18–CV–00197, 2019 WL 3416677, at *9 (W.D. Ky. Jul. 29, 2019) (slip copy) (precluding late disclosed witness from testifying as an expert but allowing witness to testify as a lay witness). Here, Solomon is a late disclosed witness and should not be permitted to testify.

### III. The Court Should Exclude the CNA Report as the Report Does Not Comply with F.R.C.P. 26(a)(2)(B)

First, F.R.C.P. 26(a)(2)(B) requires that an expert report be "prepared and signed by the witness" and contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

Here, the report is substantially insufficient as an expert report. First, there is no indication that the report was prepared by Ms. Solomon; the report is not signed by Ms. Solomon. Instead, a twelve (12) member "Assessment Team" purportedly authored the report. (Ex. 1, pg. 2). Second,

9

the report does not contain a complete statement of all opinions the witness will express. In fact, the report does not reference the case at bar, the Plaintiff, or Defendant Corrow, in any capacity. Third, the report does not contain a list of Ms. Solomon's qualifications, a list of any other cases during which Ms. Solomon testified, or a statement of compensation to be paid for the study and testimony in the case. Rather, the report is a publication created for an entirely independent purpose outside of the case at bar, including time periods, analysis, recommendations, and conclusions that have no relevance to the instant matter. For these reasons, the report must be excluded from trial.

## Conclusion

The CNA report was furnished in furtherance of the City of Burlington's efforts to remediate its policies that may have led to incidents such as the incident involving Plaintiff Jok. For that reason alone, the report and Ms. Solomon's testimony should be excluded from evidence.

Dated this 12th day of August, at Burlington, Vermont.

                CITY OF BURLINGTON, POLICE CHIEF
                BRANDON DEL POZO, AND POLICE
                OFFICER JOSEPH CORROW

By: */s/ Pietro J. Lynn*
     Pietro J. Lynn, Esq.
     Barbara R. Blackman, Esq.
     Lynn, Lynn, Blackman & Toohey, P.C.
     *Counsel for Defendants*
     76 St. Paul St., Suite 400
     Burlington, VT  05401
     (802) 860-1500
     plynn@lynnlawvt.com
     bblackman@lynnlawvt.com